ARUNDEL SAND & GRAVEL CO. v. NAYLOR & CO. et al.

(Circuit Court of Appeals, Fourth Circuit. May 17, 1917.)

No. 1499.

1. SHIPPING ☞42—CONTRACTS OF HIRE—IMPLIED WARRANTIES.

Where a scow, having no accommodations for a crew, and not accompanied by any employé of the owner, or intended to be, was hired from the owner without any special conditions or exemptions, a warranty of its seaworthiness and fitness for the work for which it was chartered was implied, where the parties and their business were well known to each other, and the owner was aware of the nature of the work for which the scow was procured.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 156–164.]

2. SHIPPING ☞58(2)—HIRING—ACTIONS—SUFFICIENCY OF EVIDENCE.

In a suit for the loss of goods, due to the sinking of a scow which was hired for use in unloading them from a steamer, where the evidence showed that the capsizing of the scow was caused by the springing of a leak, that there was no improper loading, and there was nothing to show that the scow was subject to any unusual strain, or was overloaded, or that the nature of the cargo caused the accident, and it appeared that everything practicable was done to prevent the scow from sinking after discovery of the leak, a finding that the sinking was due to the unseaworthy condition of the scow was warranted.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 238–241.]

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Libel in admiralty by Naylor & Co. and others against the Arundel Sand & Gravel Company and another. From a decree against the defendant named, it appeals. Affirmed.

For opinion below, see 237 Fed. 725.

John Henry Skeen and Clarence A. Tucker, both of Baltimore, Md. (Knapp, Ulman & Tucker, of Baltimore, Md., on the brief), for appellant.

John B. Deming and George Forbes, both of Baltimore, Md. (Whitelock, Deming & Kemp, of Baltimore, Md., on the brief), for appellees.

Before PRITCHARD and KNAPP, Circuit Judges, and SMITH, District Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

KNAPP, Circuit Judge. For a more detailed statement of facts reference is made to the reported opinion of the court below. 237 Fed. 725. It will serve the purpose of this appeal to say that the appellee, Davison Chemical Company, hired from the appellant, Arundel Sand & Gravel Company, one of its scows, known as No. 63, to be used in unloading from a steamer in the harbor of Baltimore a cargo of pyrites consigned to the Davison Company, but belonging to Naylor & Co., the other appellee. During the progress of the work, and while alongside the steamer, the scow capsized and sunk, having on board at the time about 450 tons of pyrites which became a total loss. A libel was filed by the owner and consignee of the cargo against appellant, owner of the scow, and the Terminal Shipping Company, which was employed to unload the steamer and for whose use the scow was provided. The trial court held the appellant solely at fault and entered a decree against it for the resulting damages. As against the Terminal Company the libel was dismissed.

[1] The numerous assignments of error are reducible to two questions which will be briefly considered. First is the question of law as to whether there was an implied warranty of the seaworthiness of the scow for the work to be performed. The scow had a capacity of 500 tons and appears to have been built primarily for transporting sand and gravel for its owner in local waters. It was not equipped with pumps, had no accommodations for a crew, and was not accompanied by any employé of the owner, or intended to be, when turned over to the Davison Company. The scow in question was one of a large number owned by appellant which were used mainly in its own business but which were frequently hired out to other parties, including the Davison Company. The record indicates that all the parties to this suit, and the businesses respectively carried on by them, were well known to each other, and the appellant must have been aware of the nature of the work for which this scow was procured. It is not shown or suggested that the contract of hiring was other than the usual one in such cases, and in the absence of special conditions or exemptions we deem it not open to doubt that it implied a warranty of the fitness of the scow for the work for which it was chartered. The rule of law is so well settled as not to need the aid of argument or citation.

[2] The other question is one of fact: Was the scow in an unseaworthy condition when delivered to the Davison Company, and was the loss set up in the libel occasioned by that condition? The trial court answered this question in the affirmative and a careful study of the record satisfies us that the finding is amply supported by testimony. Indeed, it is not easy to see how any other conclusion could be reached. That the capsizing of the scow was caused by the springing of a leak, and the inflow of water sufficient to overturn it, is established by the testimony of a number of witnesses and confirmed by all the circumstances attending the accident. The opposing view is unsupported by proof and rests altogether upon surmise and conjecture. Some attempt was made to show that the loading was unskillfully done, in that the pyrites were not properly distributed upon the deck of the scow, but the uncontradicted testimony is quite to the contrary, and no reason appears for discrediting the statements of the witnesses in that regard.

There is nothing to show that the scow was subjected to any unusual strain, whether by stress of weather or otherwise; and it cannot be said to have been overloaded at the time, for its capacity exceeded by a safe margin the weight of the pyrites then on board. Nor was the nature of the cargo such as to afford an explanation of the accident, since a scow designed to carry sand and gravel would certainly, if in proper condition, carry safely an equal weight of pyrites. To this it may be added that everything practicable seems to have been done, after the leak was discovered, to prevent the scow from sinking and to get assistance. Without attempting a detailed review of the testimony, it suffices to repeat our conviction that it supports the ultimate conclusion of fact found by the learned District Judge, and this was sufficient to establish the appellant's liability.

Affirmed.